## No. 1215.

### THE STATE OF LOUISIANA vs. WILLIE WILLIAMS, ALIAS "FRENCHY."

Mere absence of a witness, however material, is not ground for a continuance, unless it appears that due diligence had been used, and also that there was just expectation of being able to procure the attendance of the witness in case the continuance were granted.

APPEAL from the Nineteenth District Court, Parish of St. Mary. *Goode*, J.

*John N. Ogden*, District Attorney, and *B. F. Winchester* for the State, Appellee.

*A. C. Allen* and *P. P. Sigur* for Defendant and Appellant.

The opinion of the Court was delivered by

FENNER, J. The only error assigned is the refusal of a continuance applied for on the ground of absence of a material witness.

The affidavit for the continuance was defective in not showing that there was any expectation of being able to procure the absent witness. State vs. Mollie Robinson, 29 Ann. 364.

Defendant had given timely order for the summons of the witness, but the summons had been duly issued and returned "not found," four days before the trial. If the defendant, in his order, indicated the place of residence of the witness, it is to be presumed that the sheriff sought for him at that place, without finding him, and there is nothing to show the contrary. If, knowing where he was to be found, he did not indicate it in his order, that was lack of diligence.

Although the judge *a quo* refused the application for continuance for the defect above stated, yet, in his anxiety to protect defendant, he caused the sheriff to send for the witness to a place suggested at the

time as the place of his then residence; and before the defendant's evidence was opened, the sheriff made return that he had proceeded to that place and that the witness could not be found.

Nothing in the affidavit or record indicates that, if a continuance had been granted, the witness could have been produced.

Judgment affirmed.